**Appeal Dismissed and Memorandum Opinion filed September 30, 2021.**



In The

# Fourteenth Court of Appeals

## NO. 14-19-00487-CV

### DESMOND DUFFIELD, Appellant

### V.

### J & DC, INC. D/B/A FRANK'S GRILL
### AND METRO GREASE SERVICE, LLC, Appellees

**On Appeal from County Civil Court at Law No. 1
Harris County, Texas
Trial Court Cause No. 1108665**

## MEMORANDUM OPINION

This is an attempted appeal by appellant Desmond Duffield. Appellees J & DC, Inc. d/b/a Frank's Grill and Metro Grease Service, LLC filed in the trial court drafts of (1) a motion for entry of judgment and (2) a final judgment. The trial court signed the motion for entry of judgment on March 20, 2019, but never signed the final judgment.

Generally, appeals may be taken only from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). When orders do not dispose of all pending parties and claims, the orders remain interlocutory and unappealable until final judgment is rendered unless a statutory exception applies. *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001); *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding).

On May 18, 2021, notification was transmitted to the parties of this court's intention to dismiss the appeal for want of jurisdiction unless appellant filed a response demonstrating grounds for continuing the appeal on or before June 17, 2021. *See* Tex. R. App. P. 42.3(a). Appellant filed no response.

A supplemental clerk's record was filed July 16, 2021. It contains the following: (1) two separate orders signed January 30, 2019 granting a partial summary judgment that Duffield take nothing on his claims against J & DC, Inc.; (2) an order signed January 20, 2019 granting a no-evidence summary that appellant Suffield take nothing on his claims against appellee Metro Grease; (3) an order signed February 6, 2019 granting Metro Grease's nonsuit of its cross-claims against J & DC, Inc.; (4) an order of dismissal for want of prosecution signed March 4, 2019, containing the language "ANY PRIOR INTERLOCUTORY JUDGMENTS ARE HEREBY MADE FINAL"; and (5) the order for entry of final judgment signed March 20, 2019. Even if all the orders signed as of March 4, 2019, actually disposed of all parties and all claims, the trial court's order for entry of final judgment stating "It is according, ORDERED, ADJUDGED and DECREED, this Court shall enter Final Judgment" made any previous final judgment interlocutory once the order was signed during the trial court's plenary power over the judgment.

We dismiss the appeal for want of jurisdiction.


PER CURIAM


Panel consists of Justices Wise, Bourliot and Spain.